**O**

cc: order, docket, remand letter
to Los Angeles Superior Court
No. BC 480230

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RAYMOND ADAME, an individual,

Plaintiff,

v.

ALCOA FASTENING SYSTEMS, a division of ALCOA, INC.; GWEN MOORE,

Defendants.

Case No. CV 12-03024 DDP (FMOx)

**ORDER REMANDING CASE TO STATE COURT**

On March 5, 2012, Plaintiff Raymond Adame filed this action against Defendants Alcoa Fastening Systems, a division of Alcoa, Inc. ("Alcoa") and Gwen Moore ("Moore") in California state court. In his Complaint, Plaintiff alleges numerous state law claims against Alcoa for alleged workplace discrimination and retaliation. In his claim for harassment under California Government Code section 12940, Plaintiff also names Moore, a supervisor at Alcoa. Specifically, for this claim, Plaintiff alleges that he informed Defendants of his disability and asserted his rights under California's Fair Employment and Housing Act. Defendants then

allegedly discriminated against and harassed Plaintiff for “having filed a Workers’ Compensation claim, and seeking to return to work after a Workers’ Compensation doctor released him to return to work, with restrictions.” According to Plaintiff, Defendant Moore, in particular, made “demeaning and threatening statements” to Plaintiff about his disability and request to return to work. Alcoa also allegedly knew of Moore’s harassing conduct, but failed to protect Plaintiff. As a result, Plaintiff claims that he “suffered severe emotional distress, humiliation and embarrassment.” (Compl. ¶¶ 44-47.)

On April 6, 2012, Alcoa removed the action to this court on the basis of diversity jurisdiction. Because Plaintiff and Moore are both citizens of California, there is not complete diversity between Plaintiff and Defendants. However, in its Notice of Removal, Alcoa argues that “Moore’s citizenship . . . should be disregarded for purposes of determining diversity, because Plaintiff’s Complaint does not state a cause of action against Moore, and therefore Moore is named as a sham defendant.” (Notice of Removal ¶ 8.) The court disagrees.

A defendant who seeks to remove a case from state to federal court has the burden of establishing federal subject matter jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Courts also “strictly construe the removal statute against removal jurisdiction.” Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal is governed by substantive and procedural requirements. Pursuant to 28 U.S.C. § 1441(a), an action brought in state court may be removed to federal court if the civil action is one “of which the district courts of the United States have

original jurisdiction." Section 1332 provides that district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required, meaning each of the plaintiffs must be a citizen of a different state than each of the defendants. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Nevertheless, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "[F]raudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "[T]here is a general presumption against fraudulent joinder," but fraudulent joinder will be found "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).

A defendant asserting fraudulent joinder "carries the heavy burden of establishing the absence of any possibility of recovery." Lighting Sci. Group Corp. v. Koninklijke Philips Elecs. N.V., 624 F. Supp. 2d 1174, 1179 (E.D. Cal. 2008); see also id. ("The claim of fraudulent joinder must be supported by clear and convincing evidence, with all ambiguities resolved in favor of the non-removing party."). Remand must be granted unless the defendant establishes that there is no possibility that the plaintiff could

prevail on any cause of action it asserted against the non-diverse defendant. See Levine v. Allmerica Fin. Life Ins. & Annuity Co., 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999).

Here, Alcoa argues that Plaintiff's only claim against Moore - for harassment based on disability - fails as to Moore because: 1) "Plaintiff has not alleged any facts supporting his contention that he was subjected to harassment based on disability by Moore"; and 2) "the Complaint contains no allegations that the purported harassment was severe or pervasive sufficient to create a hostile work environment as required by law in order to establish a claim for unlawful harassment." (Notice of Removal ¶ 11.)

Contrary to Alcoa's arguments, however, Plaintiff specifically alleges that Moore made "demeaning and threatening statements" to Plaintiff about his disability and request to return to work with restrictions after filing a Workers' Compensation claim. Plaintiff also alleges that he suffered humiliation, embarrassment, and severe emotional distress as a result. Moreover, Alcoa incorrectly argues that heightened federal pleading standards apply to the fraudulent joinder analysis. To the contrary, "the test is whether Plaintiff can state a claim in state court," and courts apply a "no set of facts" standard. Wong v. Michaels Stores, Inc., No. 1:11-cv-00162, 2012 WL 718646, at *5 (E.D. Cal. Mar. 5, 2012). Under this standard, a plaintiff fails to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Plaintiff has clearly met this standard here: Moore allegedly harassed Plaintiff about his protected status and activity; and depending on the details of the

alleged behavior, it could rise to the level of unlawful harassment. See Wong, 2012 WL 71846, at *6 (declining to find fraudulent joinder under similar facts).

Because this court finds that Moore is not fraudulently joined, there is no complete diversity in this action. The court therefore REMANDS the entire matter to California state court.

IT IS SO ORDERED.

Dated: June 21, 2012

DEAN D. PREGERSON
United States District Judge